UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
WESTERN DIVISION

| | |
|---|---|
| ARLEAN GRIFFIN, | No. CV 13-02713-VBK |
| Plaintiff, | MEMORANDUM OPINION AND ORDER |
| v. | (Social Security Case) |
| CAROLYN W. COLVIN, Acting Commissioner of Social Security, | |
| Defendant. | |

This matter is before the Court for review of the decision by the Commissioner of Social Security denying Plaintiff's application for disability benefits. Pursuant to 28 U.S.C. §636(c), the parties have consented that the case may be handled by the Magistrate Judge. The action arises under 42 U.S.C. §405(g), which authorizes the Court to enter judgment upon the pleadings and transcript of the record before the Commissioner. The parties have filed the Joint Stipulation ("JS"), and the Commissioner has filed the certified Administrative Record ("AR").

Plaintiff raises the following issues:

1. Whether the Administrative Law Judge ("ALJ") properly

1    considered Plaintiff's subjective symptom testimony.
2 (JS at 4.)

4    This Memorandum Opinion will constitute the Court's findings of
5 fact and conclusions of law. After reviewing the matter, the Court
6 concludes that the decision of the Commissioner must be affirmed.

**I**

**THE ALJ PROPERLY CONSIDERED PLAINTIFF'S SUBJECTIVE SYMPTOM TESTIMONY**

10    In his Decision, after considering and determining Plaintiff's
11 residual functional capacity ("RFC") (AR 17), the ALJ evaluated
12 Plaintiff's subjective symptom testimony, and found that it was not
13 credible to the extent it was inconsistent with the determined RFC.
14 (AR 19-20.)

15    Plaintiff asserts that the ALJ's rejection of her subjective
16 symptom testimony is not sufficient under controlling legal precedent.
17 As interpreted by Plaintiff, the ALJ's articulated reasons come down
18 to citing a lack of objective support, and that she had some work
19 activity after her onset date. (See JS at 7.) Plaintiff argues that
20 this does not constitute the requisite clear and convincing reasons
21 which must be articulated in the absence of malingering. (Id.)

22    It is clearly established law in this Circuit that a plaintiff's
23 testimony as to disabling pain cannot be discredited simply because it
24 is unsupported by objective evidence. See Lester v. Chater, 81 F.3d
25 821, 834 (9th Cir. 1996). Thus, the question which must first be
26 determined by the Court is whether the objective evidence in the
27 record fails to support Plaintiff's subjective claims.
28    At the hearing before the ALJ, Plaintiff testified regarding her

2

condition, including pain and functional limitations. In particular, she indicated she has difficulty standing and sitting for a long period of time (AR 37); and in fact, she stated she could sit only for 20 to 30 minutes and stand for 30 minutes at a time. (AR 53.) She testified that when her legs swell, she must elevate them (AR 52), and that she utilizes a cane for her back all the time, and takes drugs, including Hydrocodone, Neurontin, and uses ice and heat pads. (AR 39 and 51.) She testified she has difficulty with regard to household chores, preparing her own meals, fixing her hair, and vacuuming and shopping. (AR 48-49.) She further testified that her son helps her with laundry and shopping. (AR 48 and 50.)

With regard to the objective medical evidence, Plaintiff points out that the record reflects that she has been hospitalized "multiple times." She cites examples from September 18, 2009 (AR 353); February 22, 2011 (AR 477-478); March 12, 2011 (AR 490).

The ALJ examined these hospital admissions and treatments (AR 18-19), which are summarized in detail in the Decision. The ALJ's conclusion was that,

> "In all of her numerous visits to the emergency clinic of the Methodist Hospital for various complaints, the claimant's physical evaluations and diagnostic tests have been unremarkable. Her comprehensive evaluation by Dr. Afra, the consulting internist, showed similar results. Her hypertension was under good control with medications. There was no evidence of persistently elevated blood pressure readings or major end organ damage. Her chest pain was atypical of angina pectoris. Her cardiac work-up has been negative for any cardiac impairments, including myocardial

infarction."
(AR 19.)

The objective evidence does not support the extent of subjective symptoms reported by Plaintiff. This would, nevertheless, be an insufficient basis upon which to assess Plaintiff's credibility if it stood alone. But it does not. The Court will turn to the other articulated reason, Plaintiff's work history, which was the subject of some discussion at the administrative hearing. (AR 33-37.) Plaintiff agreed that she earned a little over $15,000 in 2009. (AR 33.) In 2010, she was self-employed, working as a nurse, taking care of people. In 2010, she took care of one person in a home care position. Her responsibilities to this client were "to feed her, bathe her, change her clothes or change her bed and stuff like that." (AR 34.) She sometimes made sandwiches for this client. (AR 35.) She would have to help the client (who weighed 290-295 pounds) in and out of the tub. (AR 35-36.)

Plaintiff testified as to her work history back to 1995, indicating that she had done home care for the same client and for other people. Her duties were always identical, and included assistance with bathing, taking them to the bathroom, taking them shopping, feeding them, and driving them around. (AR 36.) In those jobs, she both sat and stood to perform her tasks. (Id.)

The ALJ noted that in 2010 Plaintiff worked and earned about $8,900, which is not considered "substantial gainful activity," but, as the ALJ indicated, "does indicate that she had the physical and mental capacity to work beyond her alleged onset date of disability." (AR 20.)

4

1        Plaintiff asserts that the ALJ's reliance on Plaintiff's work
2   history was impermissible because it was not substantial gainful
3   employment.   Plaintiff cites the Ninth Circuit's non-precedential
4   opinion in LaPierre-Gutt v. Astrue, 382 Fed.Appx. 662 (2014). (See JS
5   at 7-8.)   Plaintiff cites this case for the proposition that the
6   claimant's work after the onset date was insufficient as a basis to
7   reject her symptom testimony because there was no indication that this
8   work was performed on a regular or continuous basis. (See JS at 8.)
9   But the case does not so hold.  The Opinion is very fact specific with
10  regard to the claimant's work history. The ALJ had found that the
11  claimant's testimony that she was not employed after a particular
12  period was potentially inconsistent with her treating physician's
13  later progress notes indicating that she was working for a friend.
14  The Opinion finds that this was not a sufficient basis upon which to
15  assess credibility of the claimant's testimony because the record did
16  not indicate that she performed work on a regular or sustained basis;
17  she might have undertaken it for a few hours at a time; and only on
18  those days when she felt her best.   The Opinion notes that the
19  claimant's physician's progress notes "clearly indicate that LaPierre-
20  Gutt later reported to her doctor that she was forced to discontinue
21  any employment due to her medical conditions." (Id. at 664-665.)

22       Generally, Ninth Circuit case precedent does allow an ALJ to
23  consider a claimant's work record, among other factors, in determining
24  credibility.  See Bray v. Commissioner of Social Security, 554 F.3d
25  1219, 1227 (9th Cir. 2009), citing Light v. Social Security
26  Administration, 119 F.3d 789, 792 (9th Cir. 1997).

27       In the case now before this Court, there is no indication that
28  Plaintiff discontinued her work as a home care giver for any reason

related to her asserted impairments or disabilities. Indeed, according to the record, Plaintiff has engaged in this type of work going back to about 1995.

The ALJ's consideration of Plaintiff's work as a home care giver is relevant for other reasons. Plaintiff testified as to the type of physical activities she undertook to perform this work, which undoubtedly was extremely strenuous, including such tasks as assisting an almost 300-pound person to bathe. Indeed, if Plaintiff had testified that she performed this extent of activities of daily living on her own, it would have undermined her credibility as to her claimed extreme physical limitations. Importantly, there is a glaring inconsistency between Plaintiff's claim that she requires assistance with her own daily activities, and her history of undertaking far more strenuous activities as a home care giver.

For the reasons stated, and under the specific factual scenario developed in this record, the Court concludes that the ALJ was justified in his consideration of Plaintiff's work activity in evaluating Plaintiff's credibility, although it was not performed as substantial gainful activity. The Court finds that substantial evidence supports the ALJ's determination, and the Court declines to grant the relief requested.

The Commissioner's Decision will be affirmed, and this matter will be dismissed with prejudice.

**IT IS SO ORDERED.**

DATED: January 9, 2014                  /s/
                                        VICTOR B. KENTON
                                        UNITED STATES MAGISTRATE JUDGE

6